IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30917
(Summary Calendar)

_____

ROBERT KEVIN MCCARTNEY,

Plaintiff-Appellant,

versus

CLIFFORD STRIDDER, III; THOMAS RIBAUDO,

Defendants-Appellees.

- - - - - - - - - -
CONSOLIDATED WITH
96-30920
- - - - - - - - - -

ROBERT KEVIN MCCARTNEY,

Plaintiff-Appellant,

versus

JOHN DOE, Deputy, Rapides Parish; JAMES BUCK; VERNON CREECY;
MONIQUE METOYER; MIKE VILLARD; CHARLES WAGNER; WILLIAM EARL
HILTON; Sheriff

Defendants-Appellees.

```
- - - - - - - - - -
CONSOLIDATED WITH
96-30921
- - - - - - - - - -
```

ROBERT KEVIN MCCARTNEY,

                              Plaintiff-Appellant,


                versus


CLYDE TERRAL, Individually and in his official capacity as
detective Rapides Parish Sheriffs Office; CHARLES WAGNER,
Individually and in his official capacity as District Attorney
Rapides Parish; JAMES BUCK, Individually and in his official
capacity as Assistant District Attorney Rapides Parish


                              Defendants-Appellees.


```
- - - - - - - - - -
```
Appeal from the United States District Court
for the Western District of Louisiana
(USDC No. 96-CV-798)
(USDC No. 96-CV-799)
(USDC No. 96-CV-800)
```
- - - - - - - - - -
```
January 3, 1997
Before HIGGINBOTHAM, DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

In No. 96-30917, Robert Kevin McCartney, Louisiana prisoner #358987, appeals from the denial of a Fed. R. Civ. P. 60(b), arguing that the action was not time-barred. We have reviewed the

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

2

record and conclude that McCartney has identified no error by the district court.  McCartney v. Stridder, No. 96-CV-798 (W.D. La. Aug. 5, 1996).

In No. 96-30920, McCartney appeals from the denial of a Rule 60(b) motion to reconsider is claim that the defendants conspired to prosecute him based on allegedly falsified documents.  Because McCartney's conviction has not been invalidated, his claim is not cognizable under 42 U.S.C. § 1983.  See Heck v. Humphrey, 114 S. Ct. 2364, 2373 (1994).  The district court did not abuse its discretion in denying the Rule 60(b) motion.  McCartney v. Doe, No. 96-CV-799 (W.D. La. Aug. 5, 1996).

In No. 96-30921, McCartney appeals the denial of his Rule 60(b) motion to reconsider the dismissal of his claim that the defendants conspired to arrest and prosecute him without probable cause.  McCartney's conviction has not been invalidated as required by Heck; therefore, the district court did not abuse its discretion in denying the Rule 60(b) motion.  McCartney v. Terral, No. 96-CV-800 (W.D. La. Aug. 5, 1996).

Thus, the appeals are frivolous.  We caution McCartney that any additional frivolous appeals filed by him will invite the imposition of sanctions.  To avoid sanctions, McCartney is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEALS DISMISSED; SANCTION WARNINGS ISSUED.

3